O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| PAOLA JARQUIN, individually and on behalf of a class of other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>RELIANT IMMEDIATE CARE MEDICAL GROUP, INC., et al.,<br><br>Defendants. | Case No. 2:20-CV-06334-ODW (JEMx)<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING FEES AND COSTS [10]; AND DENYING MOTION TO DISMISS [13]** |

## I. INTRODUCTION AND BACKGROUND

On May 4, 2020, Plaintiff Paola Jarquin ("Jarquin") filed this action in the Los Angeles County Superior Court against Defendant Reliant Immediate Care Medical Group, Inc. ("Reliant"). (Notice of Removal, Attach. 2 ("Compl."), ECF No. 1-2.) Jarquin alleges that Reliant violated the Fair and Accurate Credit Transactions Act ("FACTA"), which requires merchants to print only limited credit and debit card information onto customer receipts. (Compl. ¶ 1.) Specifically, Jarquin alleges that she paid Reliant for medical services, and Reliant provided her with a receipt disclosing more than the last five digits of her credit or debit card information, in violation of FACTA. (Compl. ¶¶ 43–45.)

On July 16, 2020, Reliant removed the case to this Court. (Notice of Removal, ECF No. 1.) Now, Jarquin moves to remand the case to the Los Angeles County Superior Court, arguing that this Court does not have subject matter jurisdiction because she lacks Article III standing. (Mot. Remand ("Motion" or "Mot.") 1–2, ECF No. 10.) Jarquin also seeks attorneys' fees and costs under 28 U.S.C. § 1447(c). (*Id.* at 12–14.) The Motion is fully briefed. (*See* Opp'n, ECF No. 14; Reply, ECF No. 15.)

For the following reasons, the Court finds that it lacks subject matter jurisdiction and consequently **REMANDS**[1] this action to state court.[2]

## II.   LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

## III.   DISCUSSION

The Court first addresses the issue of remand before turning to Jarquin's request for attorneys' fees and costs.

---

[1] On August 7, 2020, while this Motion was pending, Reliant filed a Motion to Dismiss for failure to state a claim. (*See* Mot. Dismiss 1–2, ECF No. 13.) Reliant's Motion is also fully briefed. (*See* Opp'n Mot. Dismiss, ECF No. 16; Reply Mot. Dismiss, ECF No. 21.) In light of the Court's determination that this case must be remanded, Reliant's Motion to Dismiss is **DENIED** as moot.

[2] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

### A. Motion to Remand

Jarquin contends that this case must be remanded to state court because Reliant cannot show she has Article III standing, as she does not allege an injury in fact. (Mot. 5–8.) Reliant opposes the Motion, arguing that Jarquin's allegations *do* establish she has suffered an injury in fact. (Opp'n 5–6.)

Reliant insists Jarquin has alleged a concrete injury because she alleges: (1) that she suffered a "heightened risk of identity theft"; (2) that Reliant invaded Jarquin's privacy through disclosure of her "private financial information to the world, including to persons who might find the receipts in the trash . . . including identity thieves . . . as well as [Reliant's] employees who handled the receipts"; and (3) that Jarquin was "forced . . . to take action to prevent further disclosure of the private financial information displayed on the receipt." (Opp'n 8–9 (quoting Compl. ¶¶ 45, 55, 74).) Notwithstanding these allegations, however, the Court finds that Jarquin fails to allege she has "suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *See Friends of the Earth, Inc. v. Laidlaw Env't Servs (TOC), Inc.*, 528 U.S. 167, 181 (2000).

First, Jarquin's allegation that she faced a heightened risk of identity theft merely sets forth a "potential for exposure to actual injury," which "do[es] not entail a degree of risk sufficient to meet the concreteness requirement" and "is too speculative for Article III purposes." *See Bassett v. ABM Parking Servs. Inc.*, 883 F.3d 776, 777, 783 (9th Cir. 2018); *see also Anton v. Prospera Hotels, Inc.*, No. CV 19-534-CBM (SHKx), 2019 WL 4266528, at *2 (C.D. Cal. July 18, 2019) (finding allegations of elevated risk of identity theft "speculative, hypothetical, and conjectural" and insufficient to establish an injury in fact).

Second, Jarquin's allegations that Reliant disclosed her private financial information to the world, including identity thieves and the Reliant employee who handled her receipt, fail to establish a concrete injury. *See Stelmachers v. Verifone*

3

*Sys., Inc.*, No. 5:14-CV-04912-EJD, 2017 WL 3968871, at *5 (N.D. Cal. Sept. 7, 2017) (finding allegations that the defendant "exposed Plaintiff's credit card number to '[the defendant's] staff and possibly others'" insufficient to demonstrate "a material risk to the concrete interest that Congress sought to protect through FACTA"). Reliant argues these allegations demonstrate an injury that is "certainly impending," which is sufficient to confer standing. (*See* Opp'n Mot. 12 (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013) (explaining that a "certainly impending injury" may establish Article III standing)).) But any harm that could befall Jarquin (e.g., an identity thief finding her receipt in the trash and using it for a nefarious purpose) would not materialize absent a chain of possibilities which presently remain speculative. *See Stelmachers*, 2017 WL 3968871, at *3 (clarifying that a "speculative chain of possibilities do[es] not establish a certainly impending injury." (internal quotation marks omitted)).

Third and finally, Jarquin's allegations that Reliant's violation of FACTA required her to take action to prevent further disclosure of her credit or debit card information are not sufficient to establish standing. *See, e.g.*, *Anton*, 2019 WL 4266528, at *2 (finding no standing where plaintiffs were allegedly "forced . . . to take the time and effort to save receipts in a secure place to ensure that their credit card information would not be stolen"); *Stelmachers*, 2017 WL 3968871, at *4–5 (finding no standing where plaintiff was allegedly "burdened . . . with the duty to consistently check his credit card statements, so as to make certain that identity thieves did not take advantage of the FACTA violation" (internal quotation marks omitted)).

In sum, Reliant has failed to meet its burden to establish that Jarquin has alleged Article III standing. Accordingly, this action must be remanded to state court. *See Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016).

**B.     Attorneys' Fees and Costs**

Jarquin seeks an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c). (Mot. 12–14.) "An order remanding the case may require payment of just costs and

any actual expenses including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, generally, a district court may award attorneys' fees under § 1447 only when a defendant "lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Upon consideration of Reliant's contentions and applicable law, the Court finds that Reliant's attempt at removal was not objectively unreasonable. Thus, the Court **DENIES** Jarquin's request for fees and costs.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Jarquin's Motion to Remand and **DENIES** her request for attorneys' fees and costs. (ECF No. 10.) The Court **REMANDS** the action to the Superior Court of the State of California, County of Los Angeles, Spring Street Courthouse, 312 North Spring Street, Los Angeles, CA 90012, Department 017, Hon. Maren Nelson, Case No. 20STCV17264. Reliant's Motion to Dismiss is **DENIED** as moot. (ECF No. 13.) The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

January 4, 2021

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**